## Dixon v. Poor District.   No. 2.

On appeal by a defendant Poor District from the judgment of a Justice of the Peace, the Court will order a compulsory non-suit where the plaintiff's evidence shows that the order of approval was obtained nearly five years after the services were rendered and no reason given for the delay, even though the order of approval is not appealed from.

POOR LAW—CLAIM AGAINST POOR DISTRICT BARRED BY LACHES.

Motion to take off non-suit.

No. 136, Aug. T., 1902, C. P. Centre County.

H. C. Quigley, for Rule.

C. Dale and James A. B. Miller, contra.

Opinion by LOVE, P. J., Oct. 14, 1902.

The undisputed testimony showed the following statement of facts: This was an appeal by defendant from a judgment of J. M. Keichline, a Justice of the Peace of Centre county, entered April the 14th, 1902, in favor of the plaintiff and against the defendant, for $17 and cost of suit; that on January 8th,

Dixon v. Poor District. No. 2.

1897, the plaintiff, an undertaker, buried one Catharine Miller, the daughter of a poor person settled in said Township.

2d. That the burial expenses were charged to the mother of the said pauper; that the plaintiff sought to obtain payment from her and made no demand upon the Overseers of the Poor until about sixteen months after he had rendered the services; that shortly after the relief was furnished the parent of said Catharine Miller left the community and the plaintiff never learned their whereabouts.

3d. That payment was refused by the Overseers, whereupon, on January 8th, 1902, an order of approval was taken out and presented to the Overseers on January 9th, 1902, said order of approval being returned to the plaintiff about March 9th, 1902, and payment again refused. At the close of the plaintiff's testimony the attorneys for the defendant moved for a compulsory non-suit, on the ground that the plaintiff was barred by laches in not taking out an order of approval, within a reasonable time. The attorney for the plaintiff argued for binding instructions, on the ground that the defendant was concluded by its failure to appeal from the order of approval. The Court entered a compulsory non-suit.

## OPINION:

"This is a rule to take off non-suit and show cause why a new trial should not be had. We have given the question careful consideration and do not feel warranted in taking off the non-suit in this case. The plaintiff lay.by for five years almost before making any legal move to adjudicate his claim against the Poor District. There is no reason or excuse shown for the delay, and we deem it too great to warrant a recovery in this case. The rule is discharged and new trial refused."

Reported by James A. B. Miller, Esq.,
Bellefonte, Pa.

(See preceding case.)